In the Matter of JOHN W. WATTERSON, an Attorney, Respondent. ALFRED D. FREDERICKS, Petitioner.

Second Department, July 6, 1970.

*Alfred D. Fredericks,* petitioner in person.

*John W. Watterson,* respondent in person.

*Per Curiam.* In this proceeding to discipline an attorney, the petitioner now moves to confirm the report of the Justice of the Supreme Court to whom the issues were referred for hearing and report. The petition set forth charges of professional misconduct arising from the complaints of two former clients of the respondent.

The first charge, consisting of six specifications set forth in paragraph "SIXTH" of the petition, is that the respondent took advantage of his client in accepting from her the sum of $18,333.62 for which, despite repeated requests, he failed to account and in respect of which he issued a check with insufficient funds; that the alleged transformation of the trust into a loan to the respondent was made after the client's commitment to a mental hospital, of which the respondent had knowledge; that the respondent's payments to the client were not consistent with the terms of the note which the respondent claimed evidenced the loan arrangement; and that the respondent did not segregate the funds received from the client and hold them as a fiduciary prior to the time he claimed the transaction became a loan.

The second charge, consisting of four specifications set forth in paragraph "SEVENTH" of the petition, is that the respondent took advantage of his client (a prison inmate) by accepting $200 from him for legal services which he failed to render; that he refused to return the fee and failed to respond to his client's repeated communications; and that he "displayed a flagrant disregard for and neglect of his client's interest."

With respect to the specifications alleged in paragraph "SIXTH" of the petition, it appears from the record that, upon the death of the client's husband, the respondent assisted her in securing the proceeds of life insurance, payable to the client as the widow, in the amount of $18,333.62 and that the proceeds were turned over to him and deposited by him in his personal checking account. The respondent claimed that the client requested him to "take charge of and manage the funds, pending her decision as to how to invest them", and that, in order to render herself eligible for New York State Medicaid benefits, she instructed him "to place the money where he saw fit but that the funds were not to be in her name." Thereafter, the respondent claimed, the funds were to be invested by him for her benefit. In any event, the respondent retained possession of the money, without investments of any kind being made, until October, 1966 (more than a year after he first obtained possession of the insurance proceeds), at which time, the respondent testified, he offered to return the money to his client but she requested him to retain the money and consider it as a personal loan to him. The respondent further contended that thereupon the relationship became that of creditor and debtor and that whatever their original relationship may have been when he received the insurance proceeds it was transformed into a lender-borrower one.

Notwithstanding the respondent's claim that he committed no wrong, Mr. Justice FANELLI found that each of the specifications of the first charge was sustained by the evidence and stated in his report that the totality of the proof concerning the facts and circumstances surrounding the transfer of the insurance proceeds to the respondent leads to the inescapable conclusion that the respondent took advantage of his client, a person of modest intellectual background who was suffering from the emotional strain and stress of having recently been widowed and left with five infant children and who was subsequently hospitalized for mental illness, in accepting money from her.

Insofar as the specifications set forth in paragraph " SEVENTH " of the petition are concerned, the reporting Justice found that the specifications were sustained and further observed that the respondent " has failed to present 'any reasonable excuse for his grossly inordinate delay and lack of diligence, particularly bearing in mind that it involved an application for a writ of habeas corpus dealing with his client's liberty."

In our opinion, the charges were fully sustained by the proofs and, accordingly, the report should in all respects be confirmed.

The petitioner's motion to confirm the report should be granted. The respondent is adjudged guilty of serious professional misconduct and should be disbarred from the further practice of law, effective August 5, 1970.

CHRIST, P. J., RABIN, HOPKINS, MUNDER and MARTUSCELLO, JJ., concur.

Motion granted; the report is confirmed; respondent is adjudged guilty of serious professional misconduct; and he is disbarred and his name is ordered removed from the roll of attorneys and counselors at law, effective August 5, 1970.